UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH NORRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>WAL-MART STORES, INC., and HALLMARK CARDS, INC.<br><br>    Defendants. | C15-1954 TSZ<br><br>ORDER |

  THIS MATTER comes before the Court on a motion to dismiss, docket no. 28, brought by defendant Hallmark Cards, Inc. ("Hallmark"), to which no response was timely filed. When plaintiff initiated this action and when Hallmark filed its motion to dismiss, plaintiff was represented by counsel. After Hallmark filed its motion to dismiss, plaintiff's counsel was granted leave to withdraw, and plaintiff was advised that, if she wished to be represented by counsel, she must arrange for an attorney to file a notice of appearance on or before August 19, 2016. <u>See</u> Minute Order (docket no. 31). Hallmark's motion was renoted to allow plaintiff an opportunity to secure substitute counsel before

ORDER - 1

opposing it.  <u>See</u> Minute Order (docket no. 34).  No new attorney has appeared, and plaintiff is deemed to be proceeding pro se.[1]  Plaintiff pro se has neither objected to Hallmark's motion nor requested an extension of time to file a response.

Having reviewed Hallmark's motion and all papers filed in support of it, the Court concludes that the motion has merit.  This case involves an injury plaintiff allegedly sustained while shopping in the Hallmark greeting card section at the Wal-Mart store in Renton, Washington.  The incident at issue occurred on February 8, 2013.  In November 2015, plaintiff commenced this litigation against Wal-Mart Stores, Inc.  Hallmark was not added as a defendant until plaintiff filed an amended complaint in April 2016, over three years after her cause of action against Hallmark accrued.  <u>See</u> RCW 4.16.080 (personal injury claims are subject to a three-year period of limitations).  Plaintiff has not asserted that she could not have discovered, through the exercise of reasonable diligence, prior to February 2016, the facts underlying her claims against Hallmark.  <u>See</u> <u>In re Estates of Hibbard</u>, 118 Wn.2d 737, 826 P.2d 690 (1992) (discussing the "discovery rule").  Moreover, plaintiff has provided no basis for relating back to the date of her original complaint the claims asserted against Hallmark in her amended complaint.  <u>See</u> Fed. R. Civ. P. 15(c).  Plaintiff's claims against Hallmark are time barred.

For the foregoing reasons, Hallmark's motion to dismiss, docket no. 28, is GRANTED, and plaintiff's claims against Hallmark are DISMISSED with prejudice.  By

---

[1] A Joint Status Report, docket no. 36, was recently filed, reciting that plaintiff pro se, along with counsel for defendants Wal-Mart Stores, Inc. and Hallmark, participated in submitting it to the Court, but the Joint Status Report was not actually signed by plaintiff pro se.

ORDER - 2

separate order, the Court will set, with respect to plaintiff's remaining claims against Wal-Mart Stores, Inc., a trial date and related dates and deadlines.  The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to plaintiff pro se.

    IT IS SO ORDERED.

    Dated this 20th day of September, 2016.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge

ORDER - 3